# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## CIVIL DIVISION

| | |
|---|---|
| **CLAUDIA BARBER,** <br><br> PLAINTIFF, <br><br> V. <br><br> **DISTRICT OF COLUMBIA GOVERNMENT, ET AL.,** <br><br> DEFENDANTS. | **CIVIL ACTION NO: 1:17-CV-620 (KBJ)** |

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JARASHOW'S MOTION TO DISMISS

Defendant Ronald Jarashow, by and through his attorneys, Justin M. Flint, Abby A. Franke, and Eccleston & Wolf, P.C., pursuant to Local Rule 7(d) and this Court's General Order § 5(a), hereby files this Reply Memorandum and in support thereof respectfully states:

Plaintiff cannot plead viable claims against Defendant Jarashow. First, Plaintiff's federal conspiracy claim under 42 U.S.C. § 1985(3) is flawed. Plaintiff argues she is a member of a protected class, i.e., a political group, and adds new facts outside of the Amended Complaint in attempt to support her conclusory allegations.[1] However, she concedes in her Opposition that there is no binding authority for her position that (1) political affiliation is a protected class under 42 U.S.C. § 1985(3) or that (2) political animus is the invidiously discriminatory animus 42 U.S.C. § 1985(3) intended to protect. Opposition at 23. Even if Plaintiff's claim came within the purview of §1985(3), it fails to survive Defendant Jarashow's Motion to Dismiss. "With near

---

[1] Plaintiff newly asserts that because she "was the first African-American female on the general election ballot of the Circuit Court for Anne Arundel County, the conspiracy was racially motivated." Opposition at 23, fn. 5.

1

unanimity, the courts have rejected complaints containing only conclusory allegations of conspiracy under [§ 1985(3)]." *Lewis v. Green*, 629 F. Supp. 549, 552 fn. 6 (D.D.C 1986).

In addition, Plaintiff is judicially estopped from now aligning herself with a political group. The purpose of judicial estoppel is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment, thereby playing fast and loose with the courts." *Shea v. Clinton*, 880 F. Supp. 2d 113, 116 (D.D.C. 2012). The basis of Plaintiff's entire case is that she was wrongfully terminated as an ALJ after allegedly running as a "judicial" candidate in a non-partisan Maryland election to become judge. *See* Am. Compl. ¶¶ 13, 54. Plaintiff cannot now align herself as partisan and affiliated with a political group to prevent this claim from being barred.

Second, Plaintiff cannot maintain her interference with employment contract claim because she cannot establish she suffered any legally cognizable harm from her proper removal by the COST, the administrative body with authority to sanction an administrative law judge's unethical conduct. Plaintiff cannot hide from the COST Order that found her conduct unethical as violating the administrative law judge ethical code. *See* COST Order, MTD Memo Ex. B.

In addition, Defendant Jarashow's alleged interference due to his February 18, 2016 communication was privileged. Plaintiff's argument as to the motive behind Defendant Jarashow's February 18, 2016 email is misleading. Plaintiff's own allegations provide:

> In addition, I followed up on the question of whether a candidate can withdraw from an election even though the deadline for removing a candidate's name from the ballot has passed. As I understand it, pursuant to Election Law 5-601 (1)(ii), the name of the candidate may be removed from the ballot if disqualified and that fact is timely known to the Board. I sent a letter to Election Board on February 4 concerning her disqualification so they should have timely notice for removing her name if, in fact, you decide that she is disqualified from running in a partisan election.

> If she is "disqualified," then her name can be removed immediately.

Am. Compl. at ¶ 18. Plaintiff argues for this Court to infer from this language that Defendant Jarashow "wanted OAH to disqualify Plaintiff Barber so her name can be removed immediately from the Maryland ballot," and "[h]e just wanted to force Plaintiff Barber from the election." Opposition at 19. To the contrary, Plaintiff's pleaded language infers Defendant Jarashow's intention was to uphold the integrity of the judiciary by researching election laws and informing OAH of said laws in the event OAH determined Plaintiff was disqualified. Further, Plaintiff's claim for interference with her employment contract due to a nondescript publication of confidential personnel information in or around March 2016 is meritless and conclusory. Notably, absent from the Amended Complaint are any allegations as to the substance of this confidential personnel information.

Plaintiff asserts in her Opposition, "Chief Administrative Law Judge Adams recommended ALJ Barber's termination based on Defendant Jarashow's complaint" to support her claim for loss of employment opportunities. Opposition at 21. However, Plaintiff's own allegations contradict her position. In fact, from her allegations, Chief ALJ Adams conducted his own investigation and evaluation of Plaintiff's conduct:

> Chief Administrative Law Judge Adams stated that the Maryland State Board of Elections confirmed that ALJ Barber was a candidate in a party primary scheduled for April 26, 2016 and the primary is viewed as a partisan election. He noted that ALJ Barber would appear as a candidate for Circuit Court Judge in both the Republican and Democratic primaries and both primaries are exclusive to the respective party and exclude unaffiliated and third party voters, and by participating on these party tickets, ALJ Barber violated Section V(U) of the OAH Code of Ethics. Chief Administrative Law Judge Adams cited the Maryland Court of Appeals decision, *Suessmann v. Lamone*, 862 A.2d 1 (Md. 2004), for the contention that a judicial election is partisan. Chief

3

> Administrative Law Judge Adams further commented that ALJ Barber had an obligation to uphold the integrity and independence of the agency and although ALJ Barber contacted Mr. Flowers and Judge Williams to obtain an opinion on the issue, she made no additional effort to determine whether the election was partisan. Chief Administrative Law Judge Adams claimed there was clear case law that would have provided guidance.

Am. Compl. at ¶ 19.  Plaintiff's allegations confirm that Chief ALJ Adams conducted his own investigation and when OAH encouraged Plaintiff to resign to avoid ethical violations, Plaintiff refused, initiating Chief ALJ Adam's proposal for her termination to the COST. *Id*. at ¶¶ 19, 21. Thereafter the COST initiated formal proceedings and conducted its own analysis, which led to Plaintiff's termination for unethical conduct.  *Id*. at ¶ 26; *See* COST Order, MTD Memo Ex. B.

Third, Plaintiff's defamation claim is barred by the one year statute of limitations.  The discovery rule is not applicable in this matter as all email communications were readily obtainable by Plaintiff as early as February 5, 2016 when she received the first communication from Defendant Jarashow to OAH.  No evidence exists that communications between Defendant Jarashow and OAH were clandestine and Defendant Jarashow took steps to prevent the Plaintiff from uncovering the communications.  Absent from the Amended Complaint are allegations or inferences that these communications were confidential.  In fact, they were not confidential because they were disclosed in response to a FOIA request.

Even if Plaintiff's defamation claim is not barred, Defendant Jarashow was a witness to Plaintiff's administrative law judicial misconduct that initiated the internal OAH investigation and OAH charges that were the subject of the COST quasi-judicial proceeding on July 13, 2016. Plaintiff attempts to distinguish *Mazanderan v. McGranery*, 490 A.2d 180, 181-82 (D.C. 1984) by including facts not asserted in her Amended Complaint: "[Defendant Jarashow] monitored the Maryland website of potential judicial candidates and sought to eliminate ALJ Barber as a

competitor to further his own political agenda." Opposition at 15. However, from the pleaded allegations, there is an inference that Defendant Jarashow witnessed Plaintiff's misconduct. Accordingly, Defendant Jarashow's February 18, 2016 email in relation to Plaintiff's ethical violations and judicial candidacy was privileged.

In addition, Defendant Jarashow's February 18, 2016 statement that Plaintiff was running as the Democratic candidate is not defamatory. "[W]hile a statement that a person is a Republican may very possibly arouse adverse feelings against him in the minds of many Democrats, and even diminish him in their esteem; it cannot be found in itself to be defamatory, since no reasonable person could consider that it reflects upon his character." *Guilford Transp. Industries, Inc. v. Wilner*, 760 A.2d 580, 594 (D.C. 2000). Contrary to Plaintiff's Opposition, Plaintiff's own misconduct damaged her professional reputation as a judge and caused her to lose her job as an ALJ at OAH. Opposition at 13. Last, Plaintiff still does not contend that the statements in the alleged November 8, 2016 flyers were false. *See Armstrong v. Thompson*, 80 A.3d 177, 183 (D.C. 2013). As a result, she has failed to plead an action for defamation.

In conclusion, this Court should dismiss Plaintiff's Amended Complaint because Plaintiff fails to allege a viable claim under 42 U.S.C. § 1985(3). In addition, Plaintiff fails to sufficiently plead elements required to state viable claims for interference with employment contract and defamation under District of Columbia law. Accordingly, for the reasons set forth fully below, Defendant Jarashow respectfully requests this Court dismiss Plaintiff's Amended Complaint with prejudice.

WHEREFORE, for the reasons set forth in Defendant Jarashow's Motion to Dismiss, his Memorandum of Points and Authorities in Support, and this Reply Memorandum, Defendant Jarashow respectfully requests this Court grant his Motion and dismiss all three claims against him with prejudice.

        Respectfully submitted,

        Eccleston & Wolf, P.C.

        _____/s/_____
        Justin M. Flint (#491782)
        Abby A. Franke (#1030041)
        1629 K Street, N.W., Suite 260
        Washington, DC 20006
        (202) 857-1696 (Tel)
        flint@ewdc.com
        franke@ewdc.com
        *Counsel for Defendant Ronald Jarashow*

## CERTIFICATE OF SERVICE

I hereby certify that on this day of December 19, 2017, a copy of the foregoing Reply Memorandum in Support of Defendant Jarashow's Motion to Dismiss and Proposed Order were served via CM/ECF, to:

David Branch, Esq.
Law of Office of David A. Branch & Associates, PLLC
1828 L Street NW, Suite 820
Washington, DC 20036
(202) 785-2805 phone
(202) 785-0289 fax
davidbranch@dbranchlaw.com
*Counsel for Plaintiff Claudia Barber*

Cara J. Spencer, Esq.
Kerslyn D. Featherstone, Esq.
OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA
441 Fourth Street NW
Suite 600 South
Washington, DC 20001
(202) 442-9754
Fax: (202) 741-0431
cara.spencer@dc.gov
kerslyn.featherstone@dc.gov
*Counsel for Defendants District of Columbia Government,
Eugene Adams, Vanessa Natale, & Shawn Nolen*

Respectfully submitted,

_____/s/_____
Abby A. Franke (#1030041)