UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CLAUDIA A. BARBER, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 1:17-cv-00620-KBJ |
| v. | ) ) ) | Jury Trial Demand |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| *Defendants.* | ) ) ) | |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**

Plaintiff Claudia Barber, by and through the undersigned counsel, hereby files this Reply Memorandum to Defendants' Opposition to the Motion to File a Surreply.

The decision to grant or deny leave to file a surreply is committed to the sound discretion of the court. *American Forest & Paper Ass'n, Inc., v. U.S. Environ. Protection Agency*, No. 93-cv-0694 (RMU), 1996 WL 509601, *3 (D.D.C. 1996) (granting leave). Granting leave to file a surreply is appropriate when a reply leaves "a party… 'unable to contest matters presented to the court for the first time.'" *Ben-Kotel v. Howard Univ.,* 319 F.3d 532, 536 (D.C. Cir. 2003) (citation omitted); *Alexander v. FBI,* 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave). A surreply may be necessary whether the new matter is factual or raises new legal arguments. It is particularly appropriate in order to address and correct inaccuracies in a reply memorandum. *See American Forest & Paper*, 1996 WL 506601 at *3. Plaintiff's proposed Surreply easily satisfies this standard.

Defendants argue there were no misstatements of fact in their Reply and the Motion to for Leave to File a Surreply should be denied.

Contrary to their assertions, the Court should read very carefully the last two sentences in the last paragraph on page 12 of the Defendants' Reply Memorandum. The relevant portion containing the misstatements of facts read as follows:

> "However, this complaint was voluntarily withdrawn by Plaintiff, stating that the PALJ positions had been opened up to anyone interested after CALJ Tucker had sent an email to all ALJs listing the attributes of the position. Defs. Ex. 7. Clearly, the withdrawal of the complaint shows there was no protected activity because Plaintiff was satisfied with CALJ Tucker's actions opening up the PALJ positions to everyone, which had not previously been done by other CALJs."

ECF No. 71, Defendants' Reply in Further Support of thier Motion for Summary Judgment, page 12.

Both statements are misleading and completely inaccurate because Defendants cannot explain to the Court the reasons why Plaintiff briefly voluntarily withdrew her complaint in January 2016 and filed a motion to vacate the withdrawal in less than 30 days, which was granted. The Defendants are not Plaintiff, and they do not have the mind of Plaintiff. Plaintiff never was "satisfied with Chief Administrative Law Judge (CALJ) Tucker's actions," and never withdrew her complaint during the time Tucker served as CALJ. That is why the statements are completely false. There is nothing in the record to support these falsehoods. The record is clear that the withdrawal occurred in January 2016, long after CALJ Eugene Adams became chief, and occurred after Adams (not Tucker) rolled out a new case assignment plan, only in writing but not in action, that specifically stated the PALJ positions were open to all. (See Pl's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment, Pl's Exhibit 1, Order from D.C. Office of Human Rights detailing grounds for good cause to reopen Plaintiff's case dated September 27, 2016, ECF 68-2 at 20-22.)

Secondly, Plaintiff correctly identified new case law based on legal arguments of what constitutes an adverse action, not previously raised in Defendants' Reply Brief when Defendants

intentionally failed to cite the U.S. Supreme Court decision *Burlington Northern & Santa Fe Railway Company v. White*, 548 U.S. 53 (2006), which described why Defendants, in this case, construction of a literacy test, a failure to follow personnel policy and procedures under 6B DCMR 3734.6, a failure to allow Plaintiff to meet with COST as allowed under personnel rules, a failure to follow the Open Meetings Act, a filing of frivolous bar complaints, a failure to give Plaintiff an exit interview, and failure to allow Plaintiff's expert witness to testify all constitute adverse actions and retaliation that extend beyond the "ultimate employment decision." In that case, the U.S. Supreme Court made it clear that "[a] provision limited to employment-related actions would not deter the many forms that effective retaliation can take." Thus, the Court rejected the standard applied by the U.S. Courts of Appeals that limited actionable retaliation to so-called "ultimate employment decisions."

Again, Defendants fail to discuss the U.S. Supreme Court's holding in *Burlington Northern and Santa Fe*, *supra*, because it does not advance their false narrative that their actions and misconduct as identified above was not retaliatory, when it clearly was.

In sum, there is an abundance of evidence to deny Defendants' Motion for Summary Judgment based on the lengthy list of more than 60 disputed material facts. There is also sufficient evidence, as set forth in Plaintiff's Motion for Leave to File a Surreply, to grant the motion given Defendants' admission there were additional cases cited, and Plaintiff's contention there were new legal arguments raised on what constitutes an adverse action, and the existence of clear misstatements of facts. We ask the Court to Grant the Motion for Leave to File a Surreply.

Date: July 27, 2021               Respectfully submitted,

                                  _____*/s/ David A. Branch*_____
                                  David A. Branch, D.C. Bar No. 438764
                                  Law Office of David A. Branch & Assoc., PLLC
                                  1828 L Street, N.W., Suite 820
                                  Washington, D.C. 20036
                                  Phone: (202) 785-2805
                                  Fax: (202) 785-0289
                                  Email: davidbranch@dbranchlaw.com

## CERTIFICATE OF SERVICE

I hereby certify this 27th day of July 2021, that a copy of the foregoing was served electronically via the Court's CM/ECF e-filing system on counsel for Defendants listed below.

Kerslyn D. Featherstone
Senior Associate General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6600
Fax: (202) 741-8924
Email: kerslyn.featherstone@dc.gov

Antoine M. Williams
Office of the Attorney General for the District of Columbia
Civil Enforcement Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 256-2810
Email: antoine.williams1@dc.gov

*Counsel for Defendants,*
*District of Columbia, et al.*

                                                         */s/ David A. Branch*
                                                       David A. Branch